UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DONNA MARIE BECTON,

                                Plaintiff,

        -against-

CABS HOME ATTENDANT SERVICES INC.,
CHERYL WHITE, MR. RICKABEE AND
MS. ELIZABETH RUSSO,

                               Defendants.
----------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
07-CV-00678 (CBA)

AMON, United States District Judge.

       Plaintiff Donna Marie Becton filed a *pro se* complaint against Cabs Home Attendant Services, Inc., Cheryl White, Mr. Rickerby, and Elizabeth Russo (collectively, "defendants"), alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Equal Pay Act ("EPA"), 29 U.S.C. § 206 et seq. Presently before the Court is a motion pursuant to Fed. R. Civ. P. 12(b)(6), filed by defendants Cabs Home Attendant Services, Inc., Nigel Rickerby (identified in Becton's complaint as "Mr. Rickabee") and Elizabeth Russo, seeking dismissal of the complaint in its entirety and with prejudice.[1] For the reasons stated below, defendants' motion to dismiss is granted.

**I.      Background**

       Becton alleges that she was hired by Cabs Home Attendant Services, Inc. ("Cabs Home")

---

       [1] Cheryl White, a fourth defendant named in the complaint, did not make an appearance in the case.

1

as a home attendant in the summer of 2006.[2]  In her complaint, Becton identifies Rickerby as the Managing Director of Cabs Home and Russo as the Cabs Home Case Coordinator.  On August 31, 2006, Becton's employment was terminated.  On October 6, 2006, Becton filed a Charge of Discrimination with the New York State Division of Human Rights and, on October 13, 2006, Becton filed charges with the Equal Employment Opportunity Commission ("EEOC"), alleging employment discrimination by Cabs Home.  The EEOC found that Becton's charge was unsupported by evidence and that it was unlikely further investigation would result in findings of a violation.

On October 25, 2006, the EEOC mailed a Dismissal and Notice of Right to Sue to Becton.  The October 25, 2006 letter included instructions for filing suit in federal district court, and noticed the 90 day statutory limit in which a federal suit must be brought to avoid loss of rights.[3]  Becton filed her complaint in this Court on February 8, 2007.  By Order dated February 26, 2007, the Court granted plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and directed the U.S. Marshals Service to serve the summons and complaint upon defendants without prepayment of fees.

## II. Discussion

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed "for failure of the pleading to state a claim upon which relief can be granted."  Fed. R. Civ. P.

---

[2] It is unclear from the complaint whether the date of Becton's hire is July 6, 2006 or August 18, 2006. The complaint describes the hiring date as "August 18, 2006 (7/6/06)."

[3] The 90 day requirement is set forth several times in the EEOC letter (submitted as part of Becton's complaint).

12(b)(6). A complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965-66 (2007)). The Second Circuit has observed that the standard articulated by the Supreme Court in Twombly remains somewhat uncertain but notes that, "at a bare minimum, the operative standard requires the "plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008) (quoting Commc'ns., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007); Twombly, 127 S.Ct. at 1965)).

The Court will make all reasonable inferences in the plaintiff's favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). The need to draw all inferences in the plaintiff's favor has heightened application when the plaintiff is proceeding *pro se*. See Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007).

### B. Title VII Claims

#### 1. Individual Liability

It is well-settled in this circuit that "'individuals are not subject to liability under Title VII.'" Patterson v. Cty. of Oneida, New York, 375 F.3d 206, 221 (2d Cir. 2004) (citing Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000)). See also Arculeo v. On-Site Sales & Marketing, LLC, 425 F.3d 193, 196 n.2 (2d Cir. 2005) (noting that "Title VII, while imposing liability on employers, does not impose liability on the supervisory personnel of employers"); Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995) ("individual defendants with

3

supervisory control over a plaintiff may not be held personally liable under Title VII"), abrogated on other grounds by Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998).

Becton's complaint fails to state a claim against Rickerby and Russo as they are individuals employed by Cabs Home. Accordingly, her Title VII claims against Rickerby and Russo are dismissed.

Although defendant Cheryl White has not made an appearance in this case, the Court also finds that Becton has failed to state a Title VII claim against her. The docket in this case indicates that, on April 19, 2007, the U.S. Marshals Service attempted to serve process on White, but that the summons was not executed because White was no longer employed by Cabs Home. (See Docket No. 7.) In view of the bar against individual liability under Title VII, there is no reason to direct the U.S. Marshals Service to attempt service of process a second time since the case against White would be dismissed. Accordingly, Becton's Title VII claim against defendant White is dismissed.

### 2.     Statutory Limitations Period

Defendants also contend that Becton's Title VII claims must be dismissed because her complaint was filed with this Court after her 90 day statutory limit had expired. Under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., a plaintiff alleging employment discrimination on the basis of race, color, religion, sex, or national origin may file a federal lawsuit after the EEOC has considered the charge. The civil action must be brought in federal court within 90 days of the EEOC's decision letter granting a "right to sue." 42 U.S.C. § 2000e-5(f)(1) ("If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission . . . the Commission, or the Attorney General in a case involving a

4

government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge."). It may be assumed, in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 & n. 1 (1984). A presumption exists that an EEOC notice is received three days after its mailing. Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525 (2d Cir. 1996).

This Circuit interprets the timeliness requirements of 42 U.S.C. § 2000e as a statute of limitations. Johnson v. Al Tech Specialties Steel Corp., 731 F.2d 143, 146 (2d Cir. 1984). As the 90 day requirement is a limitations period, it is subject to equitable tolling. Id. at 145-46 (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982)). Although the time period is subject to extension, statutory limits imposed by Congress are not to be regarded lightly. The 90-day limit at issue here is not merely a suggestion; "it is a statutorily-imposed requirement necessitating strict adherence, subject only to narrow exceptions." Celestine v. Cold Crest Care Center, 495 F.Supp.2d 428, 432 (S.D.N.Y. 2007). "In the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." Johnson v. Al Tech, 731 F.2d at 146 (internal quotation marks and citation omitted).

The Second Circuit has held that the "burden of demonstrating the appropriateness of equitable tolling. . . lies with the plaintiff." Boos v. Runyon, 201 F.3d 178, 184-85 (2d Cir. 2000). "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period [he] seeks to have tolled,' and (2) has proved that the

circumstances are so extraordinary that the doctrine should apply.'" Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80-81 (2d Cir. 2003) (quoting Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002)); see also South v. Saab Cars USA, Inc., 28 F.3d 9, 12 (2d Cir. 1994) (noting that the principles of equitable tolling do not extend to what "is at best a garden variety claim of excusable neglect") (citation and quotation marks omitted).

In Johnson v. Al Tech, for example, the Second Circuit considered a Title VII claim which was filed 97 days after the plaintiff received a "right to sue" letter from the EEOC. 731 F.2d at 146. The court held that the *pro se* plaintiff's failure to comply with the 90 day requirement was an appropriate ground for granting defendant's motion. Id. Although the plaintiff in Johnson v. Al Tech alleged various reasons for the lateness of his complaint (including that an EEOC official informed him that it was permissible, and that the plaintiff was mentally ill), the court found that he did not meet his burden of showing that his failure to comply with the requirement was excusable. Id.

Becton failed to comply with the statutory 90 day requirement set forth in 42 U.S.C. § 2000e-5(f)(1). Her EEOC letter was mailed on October 25, 2006, and it is presumed that Becton received the letter by October 30, 2006.[4] Becton's 90 day period within which she could file a timely lawsuit expired on January 28, 2007. Becton did not file this lawsuit until February 8, 2007; her Title VII claims, therefore, are time-barred.

---

[4] As described above, the date which appears on the EEOC letter (included in Becton's complaint) is presumed to be the date on which the letter was mailed by the EEOC.and three days are allotted for mail delivery. See Everson v. New York City Transit Auth., 216 F. Supp. 2d 71, 77 (E.D.N.Y. 2002). Becton does not allege that the letter was not timely received.

Becton's complaint does not allege any circumstances that would compel an equitable tolling of the 90 day period. The issue of timeliness is not addressed in Becton's complaint, nor has she provided any grounds for equitable tolling in her multiple submissions to the court responding to defendants' motion to dismiss. Becton has failed to meet the burden of demonstrating the appropriateness of equitable tolling. Accordingly, her Title VII claims against Cabs Home are dismissed without prejudice to replead.

### C. Equal Pay Act Claims

In addition to Title VII claims, Becton's complaint states that she brings her action pursuant to the Equal Pay Act based on defendants' alleged failure to pay her a night differential. Section 206(d) of the Equal Pay Act prohibits employers from discriminating amongst employees on the basis of sex. 29 U.S.C. § 206(d). The statute requires that employees of both genders who are performing similar work under similar conditions be compensated equally, unless the difference in compensation is based on some factor other than sex. Id. To establish a violation of the Equal Pay Act, a plaintiff must show (1) that the employer paid different wages to employees of the opposite sex, (2) that the different wages were for work performed under similar conditions, and (3) that the work required the same level of skill, effort, and responsibility. Frasier v. Gen. Elec. Co., 930 F.2d 1004, 1007 (2d Cir. 1991) (citing Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974)).

Becton has not alleged any of the elements required to sustain her claims under the Equal Pay Act. The only pay disparity she alleges appears to be between herself and an employee of the same gender. As Becton has failed to allege that her former employer paid different wages to employees of the opposite sex, she fails to state a claim under the Equal Pay Act. These claims

are also dismissed.

### D. State Law Claims

Becton's complaint and memorandum of law responding to defendants' motion to dismiss contain indirect references to state law claims such as personal injury, negligence, and libel.  In view of the Court's dismissal of Becton's federal claims, the Court declines to exercise supplemental jurisdiction over the state law claims.  See 28 U.S.C. § 1367(c); Marcus v. AT&T Co., 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss Becton's Equal Pay Act claims is granted.  Defendants' motion to dismiss Becton's Title VII claims against defendants Rickerby, Russo, and White is also granted.  Becton's Title VII claim against Cabs Home is dismissed without prejudice. The Clerk of the Court is directed to enter judgment in accordance with this Order and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
March 28, 2008

Carol Bagley Amon
United States District Judge